UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-80580-CIV-MARRA/JOHNSON

REV. ANNIE MANTZ,

Plaintiff,

vs.

TRS RECOVERY SERVICES, INC.,

Defendant.
_____/

**OPINION AND ORDER**

This cause is before the Court upon Defendant TRS Recovery Services, Inc.'s Motion to Dismiss Plaintiff's Complaint (DE 10).  The Court has carefully considered the motion and is otherwise fully advised in the premises.

I.  Background.

The Complaint, filed May 18, 2011, alleges as follows:  Defendant TRS Recovery Services, Inc. ("Defendant") violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq. by attempting to collect one or more debts between October 28, 2007 and January 2, 2008 after Plaintiff Rev. Annie Mantz ("Plaintiff") requested that Defendant cease further communication with her regarding such debts. (Compl. ¶ ¶ 1, 4, 5.)   Plaintiff, who is proceeding pro se, also lists the following as causes of action: "§ 806 harassment, § 807 false representations, § 808 unfair practices" and "intentional infliction of emotional distress, anxiety, stress."  (Compl. at 1, 3.)[1]  In terms of damages, Plaintiff seeks statutory damages under the FDCPA for $1000 each based on 97 separate telephone calls by Defendant to Plaintiff. (Compl. ¶

---

[1] This citation to the Complaint refers to pages one and three of the Complaint.

5.) Plaintiff also seeks $500,000 "for three months of unnecessary harassment for the violations of her constitutional rights," the "FDCPA," "harassment," "false representations" and "unfair practices." (Compl. at 3.)

Defendant moves to dismiss the Complaint, claiming that the applicable statute of limitations bars Plaintiff's cause of action under the FDCPA because she failed to file her Complaint within one year from the date on which Defendant allegedly violated the FDCPA. In response, Plaintiff notes her pro se status and informs the Court that Defendant's conduct violated the FDCPA and caused her to sustain emotional distress.

II.  Legal Standard

Rule 8(a) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claims" that "will give the defendant fair notice of what the plaintiff's claim is and the ground upon which it rests." Fed. R. Civ. P. 8(a). The Supreme Court has held that "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations omitted).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quotations and citations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Thus, "only a complaint that states a

2

plausible claim for relief survives a motion to dismiss." Id. at 1950.  When considering a motion to dismiss, the Court must accept all of the plaintiff's allegations as true in determining whether a plaintiff has stated a claim for which relief could be granted. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).

### III.  Discussion

Section 1692k(d) of the FDCPA provides:

(d) Jurisdiction

An action to enforce any liability created by this subchapter may be brought in any appropriate United States district court without regard to the amount in controversy, or in any other court of competent jurisdiction, within one year from the date on which the violation occurs.

15 U.S.C. § 1692k(d).  Under the FDCPA, the statute of limitations begins to accrue on the date immediately following an alleged violation of the statute. Maloy v. Phillips, 64 F.3d 607, 608 (11th Cir. 1995).

The Complaint alleges that Defendant violated the FDCPA between October 28, 2007 and January 2, 2008. (Compl. ¶¶ 1, 4, 5.)   Based on those facts, Plaintiff ought to have filed her Complaint no later than January 2, 2009.  By filing her Complaint on May 18, 2011, the FDCPA's statute of limitations has expired and Plaintiff's claim is time-barred.  See, e.g., Wedgeworth v. Result Matrix, Inc., No. 02:10cv184-WHA, 2010 WL 2794594, at * 3 (M.D. Ala. July 15, 2010); Leblanc v. Advance Credit Corp., No. 8:06CV747 T27EAJ, 2007 WL 141173, at * 3 (M.D. Fla. Jan. 16, 2007).  The Court finds that amendment of this claim would be futile.  For this reason, the Court will dismiss with prejudice Plaintiff's FDCPA claim.

The Court is unable to ascertain whether Plaintiff is attempting to plead state law claims

as well.  On one hand, the vast majority of Plaintiff's allegations appear to relate to the FDCPA claim for statutory damages.  On the other hand, the Complaint makes brief references to possible state law claims and damages of $500,000.  To the extent that Plaintiff may be seeking to invoke this Court's supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a), the Court declines to exercises it.  See 28 U.S.C. 1367(c)(3).  The more difficult determination is whether Plaintiff intends to invoke diversity jurisdiction.  As pled, the Complaint does not allege diversity of citizenship.  See 28 U.S.C. § 1332(a)(1) (diversity of citizenship exists between citizens of different states); 28 U.S.C. § 1332(c)(1) ("a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business").

      Given Plaintiff's pro se status, the Court will allow Plaintiff an opportunity to amend her Complaint, if she wishes to proceed under diversity jurisdiction.  Besides alleging diversity of citizenship, Plaintiff must also identify valid and recognizable state law claims under which she is proceeding.  Any cause of action, however, must be supported by specific factual allegations to support her claim.  Plaintiff is cautioned to provide "more than labels and conclusions" and to avoid a "formulaic recitation of the elements of a cause of action."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  Lastly, Plaintiff is instructed that any amendment must be done in good faith or she may be subject to sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure.

IV.  Conclusion

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Defendant TRS Recovery Services, Inc.'s Motion to Dismiss Plaintiff's Complaint (DE 10) is **GRANTED**.  Plaintiff is granted leave to amend pursuant to the directives in this Order.  Should Plaintiff choose to amend, she must file her amended complaint **on or before October 7, 2011.**

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 15th day of September, 2011.

                                                         _____
                                                        KENNETH A. MARRA
                                                        United States District Judge