UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-80580-CIV-MARRA/JOHNSON

ANNIE MANTZ,

Plaintiff,

vs.

TRS RECOVERY SERVICES, INC.,

Defendant.
_____/

**OPINION AND ORDER**

This cause is before the Court upon Defendant TRS Recovery Services, Inc.'s Motion to Dismiss Plaintiff's Amended Complaint (DE 15). The Court has carefully considered the motion and is otherwise fully advised in the premises.

I. Background

On May 18, 2011, Plaintiff Annie Mantz ("Plaintiff") filed her original complaint, alleging Defendant TRS Recovery Services, Inc.("Defendant") violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq. by attempting to collect one or more debts between October 28, 2007 and January 2, 2008 after Plaintiff requested that Defendant cease further communication with her regarding such debts. (DE 1.) The Court granted Defendant's motion to dismiss the Complaint because the one year statute of limitations barred Plaintiff's FDCPA claim. While the Court dismissed with prejudice Plaintiff's FDCPA claim, it allowed Plaintiff, who is proceeding pro se, an opportunity to amend her complaint to allege valid state law claims under this Court's diversity jurisdiction. (DE 13.)

On September 28, 2011, Plaintiff filed an Amended Complaint. (DE 14.) Under the

section of the Amended Complaint labeled "overview, causes of action," Plaintiff states "[t]his is a claim for violations of Florida's [U]nfair and [D]eceptive [T]rade [P]ractices [A]ct, § 806 Harassment, § 807 False Representations, § 808 Unfair Practices, causing intentional infliction of emotional distress, anxiety and stress." (Am. Compl. at 1.)[1]  Similar to the Complaint, the Amended Complaint states that Defendant made multiple telephone calls to Plaintiff after she paid a debt and sent Defendant a cease and desist letter. (Am. Compl. ¶¶ 5-8.)

Count one of the Amended Complaint alleges Defendant has engaged in a violation of the Florida Deceptive and Unfair Trade Practices Act, Florida Statute § 501.201 et seq. ("FDUTPA"); specifically, the Amended Complaint states "[u]nfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful." (Am. Compl. ¶¶ 9-10.)  Based on Defendant's alleged telephone calls to Plaintiff after receipt of the cease and desist letter, Plaintiff brings claims for "§ 806 harassment," "§ 807 false representations," and "§ 808 unfair practices." (Am. Compl. ¶¶ 11-16.)

Defendant moves to dismiss the Amended Complaint on the basis that the FDUTPA claim is conclusory and the remaining claims are time-barred under the FDCPA.

II.  Legal Standard

Rule 8(a) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claims" that "will give the defendant fair notice of what the plaintiff's claim is and the ground upon which it rests." Fed. R. Civ. P. 8(a). The Supreme Court has held that "[w]hile a complaint attacked by a Rule 12(b) (6) motion to dismiss does not need detailed factual allegations, a

---

[1] This citation to the Complaint refers to page one of the Amended Complaint.

plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations omitted).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quotations and citations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.  Thus, "only a complaint that states a plausible claim for relief survives a motion to dismiss." Id. at 1950.  When considering a motion to dismiss, the Court must accept all of the plaintiff's allegations as true in determining whether a plaintiff has stated a claim for which relief could be granted. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).

### III. Discussion

The Court begins its analysis by discussing the elements of a FDUTPA claim. "A consumer claim for damages under FDUTPA has three elements: (1) a deceptive act or unfair practice; (2) causation and (3) actual damages." City First Mortage Corp. v. Barton, 988 So. 2d 82, 86 (Fla. Dist. Ct. App. 2008) quoting Rollins, Inc. v. Butland, 951 So. 2d 860, 869 (Fla. Dist. Ct. App. 2006), review denied, 962 So. 2d 335 (Fla. 2007); see Kia Motors Am. Corp. v. Butler, 985 So. 2d 1133, 1140 (Fla. Dist. Ct. App. 2008); KC Leisure, Inc. v. Haber, 972 So.2d 1069, 1073 (Fla. Dist. Ct. App. 2008).  If a plaintiff fails to allege a recoverable loss under FDUTPA, the complaint fails to state a claim. Smith v. 2001 South Dixie Highway, Inc., 872 So. 2d 992,

994 (Fla. Dist. Ct. App. 2004).  "[A]ctual damages" have been defined as "'the difference in the market value of the product or service in the condition in which it was delivered and its market value in the condition in which it should have been delivered according to the contract of the parties.' " Rollins, Inc. v. Heller, 454 So. 2d 580, 585 (Fla. Dist. Ct. App.1984) quoting Raye v. Fred Oakley Motors Inc., 646 S.W.2d 288, 290 (Tex. Ct. App.1983); see Fort Lauderdale Lincoln Mercury, Inc. v. Corgnati, 715 So. 2d 311, 314-15 (Fla. Dist. Ct. App. 1998).  Moreover, under FDUTPA, "the term 'actual damages' does not include special or consequential damages." Rodriguez v. Recovery Performance & Marine, LLC, 38 So. 3d 178, 180 (Fla. Dist. Ct. App. 2010); see Rollins, 951 So. 2d at 869 ("under FDUTPA, 'actual damages' do not include consequential damages").  Lastly, the plain language of the FDUTPA expressly prohibits claims for personal injuries. See Florida Statutes § 501.212(3); see also Taviere v. Precision Motor Cars, Inc., No. No. 8:09-cv-467-T-TBM, 2010 WL 557347, at * 5 (dismissing claim under FDUTPA because plaintiff alleged damages relating to stress, anxiety and depression and FDUTPA bars claims for personal injuries); Jones v. TT of Longwood, Inc., No. 6:06-cv-651-Orl-19DAB, 2007 WL 2298020, at * 7 (M.D. Fla. 2007) (dismissing claim under FDUTPA because "[s]ubjective feelings of disappointment are insufficient to form a basis for actual damages under the statute"); T.W.M. v. American Medical Sys., Inc., 886 F. Supp. 842, 844 (N.D. Fla. 1995) (dismissing claim under FDUTPA where plaintiff alleged pain, suffering and loss of earnings because FDUTPA "explicitly states that it does not apply to '[a] claim for personal injury or death or a claim for damage to property other than the property that is the subject of the consumer transaction").

After careful review of Plaintiff's FDUTPA claim, the Court finds that this claim is

conclusory and therefore must be dismissed. The Amended Complaint does nothing more than quote the FDUTPA statute and state that Defendant has "engaged in actions" that violate the statute. In other words, the Amended Complaint does not allege what deceptive or unfair act Defendant engaged in, how the act caused Plaintiff harm and/or the harm suffered by Plaintiff. Moreover, the Amended Complaint does not allege actual damages as required by the statute. Rollins, Inc. v. Heller, 454 So. 2d at 585; Fort Lauderdale Lincoln Mercury, Inc. v. Corgnati, 715 So. 2d at 314-15. While the Amended Complaint seeks $500,000 in "compensatory and actual damages," the allegations of the Amended Complaint do not give rise to these types of damages. Instead, it merely states the violation of FDUTPA caused Plaintiff "intentional infliction of emotional distress, anxiety and stress," which are damages relating to personal injuries and thus barred under FDUTPA. See Florida Statute § 501.212(3).

    The Amended Complaint does not appear to allege any other state law claims. Instead, counts two, three and four of the Amended Complaint assert claims pursuant to the FDCPA. See 15 U.S.C. 1692d, Pub. L. 90-321, Title VIII, § 806 ("harassment or abuse"); 15 U.S.C. 1692e, Pub. L. 90-321, Title VIII, § 807 ("false or misleading representations"); 15 U.S.C. 1692f, Pub. L. 90-321, Title VIII, § 808 ("unfair practices"). The Court's previous Order held that Plaintiff's FDCPA claim was barred by the statute of limitations. For this reason, counts two, three and four are dismissed.

    When a complaint fails to state a claim for relief, a district court may grant leave to amend subject to reasonable conditions and limitations. Garfield v. NDC Health Corp., 466 F.3d 1255, 1270-71 (11th Cir. 2006). However, even the leniency afforded pro se litigants cannot extend *ad infinitum*. See Anderson v. Vanguard Car Rental USA, Inc., 304 Fed. Appx. 830, 832

(11th Cir.2008); GJR Inv., Inc. v. County of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998), overruled on other grounds, Iqbal, 129 S. Ct at 1950; Lampkin-Asam v. Volusia County School Bd., 261 Fed. Appx. 274, 276 (11th Cir.2008) (dismissing pro se plaintiff's second amended complaint, with prejudice, for being a "labyrinth of claims, counts, accusations and repetition."). A district court need not allow an amendment: 1) where there has been undue delay . . . or repeated failure to cure deficiencies by amendments previously allowed; 2) where allowing amendment would cause undue prejudice to the opposing party; or 3) where amendment would be futile. Anderson, 304 Fed. Appx. at 832 (quoting Bryant v. Dupree, 252 F.3d 1161, 1163 (11th Cir. 2001)); accord Jeremiah v. Burnette, 297 Fed. Appx. 854, 855 (11th Cir. 2008) (holding that a district court may properly deny a pro se plaintiff leave to amend when such amendment would be futile.) (citing Hall v. United Ins. Co. of Am., 367 F.3d 1255, 1263 (11th Cir.2004)).

In the instant case, Plaintiff has had ample opportunity to amend and it is apparent that permitting an additional opportunity to amend would be futile.

IV. Conclusion

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Defendant TRS Recovery Services, Inc.'s Motion to Dismiss Plaintiff's Amended Complaint (DE 15) is **GRANTED**. Plaintiff's Amended Complaint is **DISMISSED WITH PREJUDICE**. The Clerk shall **CLOSE** this case and all pending motions are **DENIED AS MOOT**. The Court shall separately issue a

final judgment in favor of Defendant.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 8th day of November, 2011.

_____
KENNETH A. MARRA
United States District Judge